UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PAUL DEAN NEWCOMB, JR.,

    Petitioner,

        v.                             CAUSE NO. 3:20-CV-44-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Paul Dean Newcomb, Jr., a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 19-07-173) where a disciplinary hearing officer found him guilty of Threatening in violation of Indiana Department of Correction offense B-213 on August 12, 2019. ECF 1. As a result, he was sanctioned with the loss of 30 days earned credit time. Mr. Newcomb presents three grounds for habeas corpus relief in his petition.

In Ground One, Mr. Newcomb argues he was denied due process because he wasn't allowed to view video of the incident. The hearing officer looked for video, however the request was "denied [due] to the angle of the camera I am unable to see the incident."

In both Grounds One and Two, Mr. Newcomb argues he wasn't allowed to confront and cross-examine a correctional officer. He had no right to confront or cross-examine witnesses in his disciplinary proceeding. Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). In Ground Two, he also asked to take a polygraph test. He had no legal right to demand a polygraph test as a part of his prison

disciplinary hearing. Jemison v. Knight, 244 F. App'x 39, 42 (7th Cir. 2007); *see also* Freitas v. Auger, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . ..").

In both Grounds One and Three, Mr. Newcomb argues Officer Bailey falsified the conduct report because of their ongoing conflicts. "[E]ven assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Id*. McPherson v. McBride, 188 F.3d 784, 787 (7th Cir. 1999). Mr. Newcomb is arguing the hearing officer should have believed him and not Officer Bailey. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d at 786. The Conduct Report states:

> On July 7, 2019 at approximately 6:12 AM I Officer C. Bailey was on the Phase Two Yard walk in front of PHU when I passed Offender Newcomb, Paul D. Jr. DOC- 853062 out of LHU Cell 231. Offender Newcomb advised me; "they need to keep your bitch ass on

2

> the other side of that wall you dumb cunt before something bad happens to you or your family." I Officer Bailey informed Offender Newcomb that he would be receiving a conduct report for threatening me, to which he replied, "whatever you nasty whore, you won't do it you're a pussy."

ECF 1-1 at 1. The hearing officer believed Mr. Newcomb said those words to Officer Bailey. It's not for this court to re-weigh the evidence. Webb v. Anderson, 224 F.3d at 652. The hearing officer believed Officer Bailey and doing so wasn't arbitrary or irrational.

Mr. Newcomb doesn't need a certificate of appealability to appeal this order because he is challenging a prison disciplinary proceeding. *See* Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis on appeal because, under 28 U.S.C. § 1915(a)(3), an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment; and

(3) DENIES the Petitioner leave to appeal in forma pauperis.

SO ORDERED on August 19, 2020

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT